## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERYL RENWICK, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. CIV-24-1177-PRW ) |
| JACQUELINE C. DILL, et al., | ) ) |
| Defendant. | ) ) |

## **ORDER**

On November 19, 2024, the Court ordered Plaintiff, appearing *pro se*, to show cause as to why this case should not be dismissed for lack of subject-matter jurisdiction on or before December 4, 2024 (Dkt. 5). Plaintiff has filed no response.

"Federal courts are courts of limited jurisdiction; they must have a statutory basis for their jurisdiction."[1] Diversity of citizenship jurisdiction under 28 U.S.C. § 1332 requires that "the citizenship of each plaintiff is diverse from the citizenship of each defendant,"[2] and that the amount in controversy exceeds $75,000.[3] Federal question jurisdiction under 28 U.S.C. § 1331 requires that the claim "aris[e] under the Constitution, laws, or treaties of the United States." To invoke federal question jurisdiction, a plaintiff's complaint "must

---

[1] *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994) (citing *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994)).

[2] *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

[3] 28 U.S.C. § 1332(a).

identify the statutory or constitutional provision under which the claim arises, and allege sufficient facts to show that the case is one arising under federal law."[4]

Because Plaintiff is *pro se*, her pleadings are "to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers."[5] However, this liberal construction does not relieve Plaintiff of her burden of alleging facts sufficient to establish federal jurisdiction.[6]

Plaintiff's Complaint purports to invoke this Court's jurisdiction on the basis of diversity of citizenship (Dkt. 1). However, Plaintiff asserts that both she and Defendant Jacqueline C. Dill are citizens of Oklahoma. Further, while Plaintiff did not allege the citizenship of the remaining three Defendants, she listed Oklahoma addresses for each of them, as well. Thus, there is no diversity of citizenship.

Plaintiff also checked the box for federal question jurisdiction on the Civil Cover Sheet attached to her Complaint (Dkt. 1-1). But there is likewise no basis for invoking federal question jurisdiction apparent from Plaintiff's Complaint, as it appears that Plaintiff is alleging only state law claims.

Liberally construing Plaintiff's Complaint, Plaintiff has not met her burden of alleging facts sufficient to establish federal jurisdiction. Accordingly, this action is

---

[4] *Martinez v. U.S. Olympic Comm.*, 802 F.2d 1275, 1280 (10th Cir. 1986) (citations omitted).

[5] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted).

[6] *See id.*

**DISMISSED** without prejudice for lack of subject-matter jurisdiction. Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Dkt. 2) is **DENIED** as moot.

**IT IS SO ORDERED** this 7th day of January 2025.

                                                                 _____
                                                                 PATRICK R. WYRICK
                                                                 UNITED STATES DISTRICT JUDGE